IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATIE H.,[1]

                              Plaintiff,                       Civ. No. 6:18-cv-00397-MC

     v.                                                             **OPINION AND ORDER**

**NANCY A. BERRYHILL**, Acting
Commissioner of Social Security

                              Defendant.

_____

**MCSHANE, Judge:**

      Plaintiff Katie J. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the Commissioner's final decision is reversed and remanded for the immediate payment of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

Born in March 1975, Plaintiff was 16 years old on her alleged onset date of June 15, 1991. Tr. 225.[2] She was 43 years old at the time of the administrative hearing. Tr. 41. She has a high school education, a doula certification, and past work experience in various jobs including concession worker and fabric cutter. Tr. 317. She alleged disability due to Wegener's granulomatosis, shingles, depression, HBP, and back issues.[3] Tr. 316.

On February 3, 2015, Plaintiff filed her applications for SSI and DIB. Tr. 217, 223. Both claims were denied initially and upon reconsideration. Tr. 145, 150-60. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on May 26, 2017. Tr. 41-78. In a written decision dated July 21, 2017 the ALJ amended Plaintiff's alleged onset date to March 3, 1993 and denied Plaintiff's applications. Tr. 19-34. The Appeals Council denied Plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1-7. Plaintiff now seeks judicial review.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF Nos. 13 and 14, provided by the Commissioner.
[3] The ALJ amended Plaintiff's alleged onset date to March 3, 1993. Tr. 19.

record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. *Id.*; *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante*, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that Plaintiff had not performed substantial gainful activity since March 3, 1993, her amended alleged onset date. Tr. 22. At step two, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and bursitis of the knee. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 27; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that Plaintiff's RFC allowed a full range of medium work at all exertional levels. Tr. 27. At step four, the ALJ found that Plaintiff had no past relevant work because, while she had held various jobs, she had never performed substantial gainful

activity. Tr. 28-33. At step five, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy such that Plaintiff could sustain substantial gainful employment despite her impairments. Tr. 33. Specifically, the ALJ found Plaintiff could perform the occupations of industrial cleaner, hospital cleaner, and hand packager. Tr. 34. As a result, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. *Id.*

Plaintiff contends the ALJ erred by: (I) failing to credit the medical opinion of treating rheumatologist James Rosenbaum, M.D.; (II) failing to provide clear and convincing reasons to reject her subjective symptom testimony; (III) failing to supply germane reasons for rejecting the lay testimony; (IV) failing to find her Wegener's granulomatosis and herpes zoster to be "severe" at step two; and (V) erroneously concluding at step five that she could perform "other work" in the national economy.

## I. Medical Evidence

Plaintiff first argues that the ALJ erroneously rejected the opinion of her treating rheumatologist James Rosenbaum, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Plaintiff was under the care of treating rheumatologist Dr. Rosenbaum for several years. Tr. 846. In 2017 Dr. Rosenbaum wrote a letter stating that Plaintiff's Wegener's granulomatosis had resulted in mild kidney disease, orbital inflammation around her eye, and subglottic stenosis which narrows her airway and is potentially life-threatening. *Id.* She had been receiving potent immunosuppression, most recently in the form of an intravenous antibody known as rituximab. Dr. Rosenbaum stated that this treatment weakens Plaintiff's immune system and one complication had been herpes zoster, affecting Plaintiff's left eye. Plaintiff's airway problem required periodic dilation in the operating room. Dr. Rosenbaum opined that Plaintiff's autoimmune disorder was severe enough that she could not work full time. *Id.*

The ALJ gave little weight to Dr. Rosenbaum's opinion, stating that he had not provided a "functional assessment explaining what about the claimant's condition would prevent her from working full time" and noting that it was contradicted by the opinions of consultative physicians Martin Kehrli, M.D., and Thomas Davenport, M.D. Tr. 32-33, 85-87, 112-13. Drs. Kehrli and

Davenport did not examine Plaintiff but reviewed the medical evidence and concluded that Plaintiff's limitations did not prevent her from working. *Id.* Because Dr. Rosenbaum's opinion was contradicted by other medical opinion evidence, the ALJ was required to provide specific, legitimate reasons for rejecting it. *Ghanim*, 763 F.3d at 1161.

First, the ALJ noted that Dr. Rosenbaum's opinion was not consistent with the objective medical evidence in the record. Tr. 32-33. Inconsistency with the overall medical record is a specific, legitimate reason for rejecting a physician's opinion. *Tommassetti*, 533 F.3d at 1041. For example, the ALJ noted that while Dr. Rosenbaum stated that Plaintiff's airway problem required dilation in the operating room, the record reflects that Plaintiff had not required dilation since 2000. Tr. 714-15, 894, 903. However, the record shows that in the interim Plaintiff suffered significant problems with partial airway obstruction, laryngitis, shortness of breath, fatigue, and hoarseness. Tr. 597, 685-86, 688, 673, 938-39. Dr. Rosenbaum's assessment of Plaintiff's airway problem is not contradicted by the record.

Second, the ALJ stated that Dr. Rosenbaum did not explain how Plaintiff's shingles prohibited her from working. Tr. 32-33. Failure to explain or support a medical conclusion with objective evidence can support an ALJ's rejection of a physician's opinion. In this case, however, Dr. Rosenbaum addressed Plaintiff's autoimmune disease and its symptoms, as well as the effects of her immunosuppression treatment. Tr. 846. He did not opine that Plaintiff's shingles, alone, prevented her from working. Furthermore, Plaintiff's herpes zoster, which causes shingles, and its associated eye pain and blurring of vision is well-documented in the record. *See, e.g.*, Tr. 420, 536, 695, 932, 956.

Third, the ALJ found that Dr. Rosenbaum's contention that Plaintiff was treated with Rituximab was not documented in the treatment record. Tr. 33. In the post-hearing record,

however, there are several references to the medication, indicating that Plaintiff started on Rituximab in January 2016, with one infusion a week for four weeks. Tr. 856, 863-65, 868. The record contains further evidence the Plaintiff required powerful immunosuppressants and documentation of their side-effects. Tr. 510-11, 655, 870, 906. Lack of documentation of Plaintiff's treatment was therefore not a clear and convincing reason to reject Dr. Rosenbaum's opinion.

In sum, the ALJ's rejection of Dr. Rosenbaum's opinion was not supported by substantial evidence and was therefore error.

## II.   Subjective Symptom Testimony

Plaintiff next argues the ALJ failed to provide clear and convincing reasons for discounting her subjective symptom testimony. An ALJ may only reject testimony regarding the severity of a claimant's symptoms if she offers "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ, however, is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). In assessing credibility, the ALJ "may consider a range of factors." *Ghanim*, 763 F.3d at 1163. These factors include "ordinary techniques of credibility evaluation," a plaintiff's daily activities, objective medical evidence, treatment history, and inconsistencies in testimony. *Id*. An ALJ may also consider the effectiveness of a course of treatment and any failure to seek further treatment. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996); *Molina*, 674 F.3d at 1113.

Here, Plaintiff testified that she could not work because of fatigue caused by her impairments and treatments. Tr. 53. She testified that her Wegener's granulomatosis affects her

upper and lower respiratory systems, sinuses, and kidneys. Tr. 52-53. Plaintiff stated that if she works more than 12-15 hours per week, she gets shingles or herpes zoster in her left eye. Tr. 53.

The ALJ rejected Plaintiff's testimony to the extent that it conflicted with the RFC. Tr. 27-33. First, he noted that Plaintiff's minimal treatment history did not support her allegations of debilitating impairments. Impairments that can be controlled effectively with [treatment] are not disabling. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)). Here, the ALJ found that Plaintiff made only occasional complaints of fatigue to her medical providers and went without treatment for several years at a time. The ALJ concluded that Plaintiff's conditions were less disabling than alleged.

The court disagrees. The record is replete with Plaintiff's reports of fatigue. Tr. 430, 509, 562, 573, 695, 719, 798, 813, 883, 983. Also well-documented are her airway obstructions, pain, powerful immunosuppression medications and their side-effects. Plaintiff's medical treatment history therefore does not constitute a clear and convincing reason to reject her testimony.

Second, the ALJ found that no treating source placed any functional limitations on Plaintiff's activities. Tr. 32. To the contrary, Plaintiff's treating rheumatologist Dr. Rosenbaum opined that Plaintiff's combination of impairments prevented her from meeting the functional requirements of full-time work. While the ALJ was not required to accept Dr. Rosenbaum's opinion on the ultimate issue of disability, it is false that no treating source placed functional limitations on Plaintiff's activities. *See McLeod v. Astrue,* 60 F.3d 881, 885 (9th Cir. 2011) ("The law reserves the disability determination to the Commissioner"). The lack of functional limitations in the record from a treating source was therefore not a clear and convincing reason to reject Plaintiff's testimony.

Third, the ALJ found that Plaintiff's daily activities contradicted her subjective symptom testimony. In support of this finding, the ALJ noted that Plaintiff was able to go shopping for several hours without resting, and perform part-time work. After the shopping trip in question, however, Plaintiff required medical treatment. Further, Plaintiff worked only every other Wednesday for 2 to 3.5 hours and was able to have flexibility in her schedule. Tr. 29. This is consistent with Plaintiff's testimony that she sometimes pushes herself to do more than her body can do, requires frequent naps, and cannot perform full-time work. Plaintiff's activities therefore do not constitute a clear and convincing reason to reject her testimony.

In sum, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## III. Lay Opinion Evidence

Plaintiff also argues that the ALJ erred by rejecting the opinions of the lay witnesses. "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence. *Id*. Thus, an ALJ may not reject such testimony without comment. *Id*. In rejecting lay testimony, the ALJ need not "discuss every witness's testimony on an individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina*, 674 F.3d at 1114.

In his written decision, the ALJ considered lay testimony from Marcia Hanson, Pamela Peila, Phyllis Conant, and Kathy Janzen. Tr. 30-31. These witnesses attested to Plaintiff's fatigue and limitations on working and physical exertion, consistent with Plaintiff's subjective symptom

testimony. The ALJ gave these statements partial weight. Tr. 30-31. He found that the lay statements were inconsistent with Plaintiff's level of activity, including one shopping trip and her participation in a school play. Tr. 32. As discussed above, Plaintiff required medical treatment for both of these activities and they therefore do not contradict the lay testimony that she was physically limited by her conditions. The ALJ also noted that Plaintiff could work "regularly" and stand for two hours at a time, but this is consistent with the lay testimony that Plaintiff could only work for short increments of two to three hours at a time. Tr. 31-32. Because the ALJ failed to provide germane reasons for his rejection of the lay testimony, his conclusion was error.

## IV.  Step Two Findings

Plaintiff next argues that the ALJ should have found her Wegener's granulomatosis and herpes zoster to be severe at step two. The step two inquiry is a *de minimis* screening device used to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). The claimant bears the burden of establishing that she has a severe impairment at step two by providing medical evidence. 20 C.F.R. § 404.1512. An impairment or combination of impairments is "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original) (citation omitted). The ALJ is required to consider the combined effect of all the claimant's impairments on her ability to function. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Thus, if the ALJ determines that a claimant has a severe impairment at step two, the sequential analysis proceeds and the ALJ must continue to consider all of the claimant's limitations, severe or not. SSR 96-8p, 1996 WL 374184 (July 2, 1996). Where an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all

of the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

The ALJ resolved step two in Plaintiff' favor, finding that she had the severe impairments of lumbar spine degenerative disc disease and bursitis of the knee. Tr. 22. The ALJ considered Plaintiff's Wegener's granulomatosis and herpes zoster and found that they did not cause more than minimal limitation on Plaintiff's ability to perform basic work activity. Tr. 23-25. He found that these conditions caused intermittent symptoms but had not lasted for a continuous twelve-month period and were therefore non-severe. *Id.*

The ALJ's omission of impairments at step two is harmless if he considered the effects of all Plaintiff's impairments in the subsequent evaluation of her RFC. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Here, the ALJ failed to credit the medical opinion of Dr. Rosenbaum regarding Plaintiff's impairments, and therefore failed to consider the effects of all Plaintiff's impairments in his RFC formulation. The ALJ's omission at step two was therefore error. *Buck*, 869 F.3d at 1049.

## IV. Step Five Finding and Remand

Plaintiff argues the Commissioner failed to meet his burden at step five to establish that she retains the ability to perform substantial gainful activity in the national economy. At step five, the burden shifts to the Commissioner to demonstrate that although the claimant is unable to perform past relevant work, the claimant is still able to perform work that exists in the national economy. *Bowen*, 482 U.S. at 140–42; *Tackett*, 180 F.3d at 1098. Here, the ALJ erred at step two and erroneously rejected the medical opinion of Dr. Rosenbaum as well as the lay testimony and Plaintiff's subjective symptom testimony, causing error at step five.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Id.* at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule."). The "ordinary remand rule" is the proper course except in rare circumstances. *Treichler*, 775 F.3d at 1101.

Here, when the erroneously rejected evidence is credited as true, further administrative proceedings would serve no useful purpose. The VE testified at the hearing that an individual with the limitations and impairments described by Dr. Rosenbaum and in Plaintiff's testimony would be unable to perform competitive full-time employment. Tr. 75-76. This case is therefore reversed and remanded for the immediate payment of benefits.

## **CONCLUSION**

For the reasons stated above, the Commissioner's final decision is REVERSED and this matter is REMANDED under sentence four of 42 U.S.C. § 405(g) for the immediate payment of benefits.

IT IS SO ORDERED.

DATED this 17th day of July 2019.

     s/Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge